[Filed March 27, 1889.]

CHURCH, RESPONDENT, *v.* MELVILLE, APPELLANT.

EVIDENCE — LETTER NOT A WRITTEN INSTRUMENT — RIGHTS OF THE JURY. —
It is the duty of the trial court to declare the legal effect of all written
instruments submitted in evidence; but a letter is not generally such an
instrument. To make it such, it must constitute a contract. An ordi-
nary letter is to be dealt with by the jury like any other act, statement,
or admission of a party; i. e., the jury is to give it such effect as they may
think, under all the circumstances, it ought to receive.

LETTER — EFFECT OF AS EVIDENCE. — The letter written by the plaintiff in
relation to the property in controversy was, under the circumstances, a
fact to go to the jury on the question of title, to be weighed and consid-
ered by them, in connection with the other facts of the case, but it was
not necessarily conclusive.

EVIDENCE — INSTRUCTIONS. — Unless evidence is by law conclusive upon the
parties, it would be error for the trial court to select a single fact or part
of the evidence where there was a conflict, and instruct the jury that they
must find their verdict on that fact alone, and in a particular way. Such
an instruction would be an invasion of the rights of the jury.

GOOD FAITH — PURCHASER OF CHATTEL — CAVEAT EMPTOR. — Good faith will
not protect the purchaser of a chattel from one without title. In such
case, *caveat emptor* is the rule.

APPEAL from Multnomah County.

*Strong & Strong,* for Appellant.

*Sears & Beach,* for Respondent.

STRAHAN, J.—This is an action to recover damages for
the conversion of "a certain gold ring set with diamond,"
of the alleged value of $135. The answer, after denying
the allegations of the complaint, admits that the ring is
of the value of $110, and for that sum the plaintiff ob-
tained a verdict and judgment, from which the defend-
ant has appealed.

The notice of appeal contains the following assignments
of error: "1. The court erred in not charging the jury that,
from the evidence, it appeared that the plaintiff had, prior
to the commencement of this action, voluntarily parted

with his interest or title in the ring, the value of which is sought to be herein recovered, and hence could not recover in this action; .2. The court erred in not charging the jury that the plaintiff could not recover in this action; that, therefore, the verdict must be for the defendant; 3. The court erred in rendering judgment against the defendant." These assignments of error were based on the refusal of the court to give two instructions which the defendant requested, and to which ruling exceptions were duly taken. These instructions are as follows:—

"1. It appears from the letter of the 25th of February, 1888, introduced in evidence by the defendant, that the plaintiff had, prior to the commencement of this action, voluntarily parted with all his title or interest, if any he had, in or to the diamond ring in the complaint described, and hence cannot recover in this action. Your verdict must therefore be for the defendant.

"2. It appears from the letter of February 25, 1888, introduced in evidence by the defendant, that the plaintiff on that date gave his interest, if any, in the ring in controversy to his wife, Mrs. Church, to be held by her for the benefit of their infant son. The possession of the ring being rightfully in Mrs. Church, it is immaterial in this action what disposition Mrs. Church made of the same. The plaintiff has no interest, and hence cannot recover in this action."

The bill of exceptions shows that evidence was introduced on behalf of the plaintiff tending to prove the allegations of the complaint, and on behalf of the defendant directly contradictory of the evidence of the plaintiff, and tending to prove the allegations of the answer. The bill of exceptions further discloses the fact that at the time of the trial the Mrs. Church referred to was the wife of the plaintiff, but that she was not then living with him as his wife, nor had they lived together as husband and

wife after February 25, 1888. On this date, the plaintiff wrote Mrs. Church a long letter in reference to their troubles, in which occurs the passage upon which the defendant's requests were evidently based. So much of this letter as is necessary to a proper understanding of the question is as follows:—

"BR. B., MOBILE BAY, PORTLAND,
February 25, 1888.

"*Maggie*,—Did you receive note from me dated the 23d of this month? If so, no doubt you understood its import. I went to meet you, and you were not there. I got my answer. Now, Maggie, I did not ask you to come to me through any mercenary motive, but because I love you; what you think to the contrary, your mind has been poisoned by numerous tongues, and you seem to believe them in preference to me. What their motives are or who they are, I do not know. Nevertheless, I have told you the truth in every instance; but as you say you do not believe, I can do no more. They have done me a great wrong, —a wrong which will cling to me through life, making it bitter; but the time may come when you can see that I have been traduced, and those who are the cause,— well, 'their deeds will find them out.' Now, Maggie, I wish that you would send by this boy that picture of myself when a child; also the picture which you have of a later date,—the former, as I wish to send it back to my mother; the latter, because it cannot be of any value to you. The diamond ring belonging to me which you wear, as it has only an intrinsic value to you, I give to our boy. Keep it for him until he shall have arrived at an age of understanding. At that time it may please him to think it was once his father's."

Mrs. Church testified that the boy referred to in this letter was the only child of plaintiff and herself, and was about two years of age; that she sold the ring described

in the complaint to the defendant in July last for about $175, with some other jewelry, and that she delivered to the defendant possession of the property at the time of the sale. Mrs. Church also testified, in substance, that she was the absolute owner of the ring in controversy from March, 1884, until its sale by her to the defendant, in 1888.

1. The instructions asked on the part of appellant in effect took the case from the jury and directed them to find a verdict for the defendant. It is difficult to perceive on what legal theory such instruction could be based. Here was a case where a large amount of very conflicting evidence was before the jury. I cannot understand why it was not their province and duty to weigh and consider it. There was nothing to make the case exceptional, or to take it out of the ordinary rule. Counsel for appellant appears to base his claim to these instructions upon the supposed legal effect of the letter submitted in evidence on the part of the defendant. It is said, substantially, that it is the duty of the court to declare the legal effect of all written instruments admitted in evidence (2 Phillipps on Evidence, *632); that this letter is within that rule, and that the instructions requested simply declare the legal effect of the letter. But I think the letter is not a "written instrument" within that rule. It is not a contract, nor is it a will, nor did it fix and necessarily control the rights of the parties. It was nothing more than a statement in writing by the plaintiff declaring his wishes as to the disposition of a chattel which he claimed to own.

It is said in 2 Best on Evidence, section 475: "A letter is not, at least, in general, a written instrument; and therefore taking the maxim of the common law to be as stated by Abbott, C. J., a letter does not fall within its meaning." The letter was evidence, a fact to go to the jury

on the question of title, to be weighed and considered by them with the other evidence in the case, but it was not necessarily conclusive. Besides, the instructions asked singled out one item of evidence,—ignoring the testimony of Mrs. Church that she was the owner of the ring herself at the very time the letter was written,—and thus required the jury to find their verdict on that item alone, disregarding all else. The defendant no doubt acted in good faith in purchasing the ring from Mrs. Church; but the effect of the verdict is, that she sold without authority, and his possession therefore was legally wrongful. In such case good faith is of no avail. *Caveat emptor* applies to such sales.

It follows from what has been said that the judgment of the court below must be affirmed.