# W. L. T. MEACHEM

### V.

# HENRY HAHN & COMPANY.

*Fraudulent Sales—Statement of Vendor—When Not Admissible in Action Between Vendee and Vendor's Creditors—Evidence—Instructions.*

1. Where the issue in a case was as to whether a sale made to one of the parties was fraudulent as to the creditors of the vendor, such cred-

itors being the other parties to the issue, a statement made by the vendor to a commercial agency, and which did not include a debt to the vendee, which was alleged to be a part of the consideration of the sale, was not proper evidence as against the vendee.

2.  It was error for the court to reiterate instructions calling the attention of the jury to the fact of relationship between the vendor and vendee as tending to establish the charge that the sale was fraudulent.

[Opinion filed April 11, 1892.]

APPEAL from the Circuit Court of Moultrie County; the Hon. E. P. VAIL, Judge, presiding.

Messrs. JOHN R. and WALTER EDEN, for appellant.

Messrs. FRANK SPITLER, F. M. HARBAUGH and R. M. PEADRO, for appellees.

MR. JUSTICE BOGGS.  In the case of the appellees against one James H. Vadakin, pending in the Circuit Court of Moultrie County, an attachment writ was issued and levied upon a stock of goods and some real estate of which the appellant claimed to be owner by purchase from Vadakin. He set up such claim by way of interpleader under which, by appropriate pleading, the issue of whether the purchase of the property from Vadakin by the appellant was without valuable consideration, and entered into for the fraudulent purpose of hindering and delaying the creditors of Vadakin, was made and submitted to a jury for trial.  The verdict of the jury was against the appellant, and the court awarded judgment against him accordingly.  He prosecutes this appeal to this court asking the reversal of that judgment.

The appellant claimed and testified that he purchased the property from Vadakin in good faith and for a valuable consideration, on the 13th of March, 1891.  That he paid for the goods and real estate by surrendering notes and canceling indebtedness due him from Vadakin.  That one of these notes was for $3,500, given in April, 1883, for

money then loaned him. That another of the notes was for $1,500, given in the latter part of 1884, also for money loaned. And that at various other times since then he had loaned Vadakin divers other sums of money amounting to $1,725. The appellee offered in evidence a statement in writing made by Vadakin, dated May 25, 1887, to R. G. Dunn & Co., of Chicago, and another statement also made by Vadakin, dated May 25, 1886, to Bradstreet's Commercial Agency, each purporting to contain a true statement of his assets and liabilities. The alleged indebtedness to the appellant does not appear in either of these statements; indeed the statements are inconsistent with the testimony of the appellant that such indebtedness existed. The appellant objected to the introduction of these statements and each of them on the ground that Vadakin was not a party to the issue being tried, and that the statements of Vadakin were not competent as evidence against him. These objections were overruled and the appellant preserved exceptions to such ruling. The statements of Vadakin were then each read to the jury. The appellees were charged with the burden of proving that Vadakin transferred the property in question to the appellant with fraudulent intent, and we incline to the opinion that any statement made by him prior to the completion of the transfer tending to prove that he was actuated by fraudulent motives in making the sale, ought to be admitted in evidence for that purpose and as against him only, though it must be admitted that from a ruling made in Schroeder v. Walsh, 120 Ill. 407, it might be inferred that the transactions of the vendor with third person are not proper to be received in evidence at all. The statements produced in evidence do not, however, so far as we are able to see, tend to prove that Vadakin sought to hinder, delay or defraud his creditors by making a pretended or fraudulent sale of his property. The sale to the appellant which it is sought to have declared fraudulent was made on the 13th day of March, 1891. The statements in question were executed by Vadakin in 1886 and 1887, the last nearly four years before the sale. In neither of them is to be

found anything referring in the remotest degree to a sale to the appellant or any one else.    Each is simply a statement of the liabilities and assets of Vadakin at the time of their respective dates, and neither in any way tend to support the charge that Vadakin sold the property to the appellant with intent to hinder and delay creditors.    Nor do we understand that it is seriously contended that anything contained in either of the statements does tend to establish such alleged fraudulent intent upon the part of Vadakin. Counsel for the appellee urge that the statements were pertinent, " as one of the circumstances connected with the alleged consideration of the transfer to Meachem," and " to the inquiry as to whether the alleged consideration in fact existed, and as negativing the claim of Meachem that he held the notes of Vadakin during the years when the statements were made."

That the jury would most probably give great weight to these statements as negativing the claim of the appellant that Vadakin was indebted to him is not to be denied, especially when the court, over the objection of the appellant, held the statements to be competent evidence and admitted them to be read to the jury as such.    If, therefore, they were not competent the error in admitting them must be regarded as so prejudicial and harmful to the appellant as to call for a reversal of the judgment.    Vadakin's statements as to whether or not he was indebted to the appellant, are not competent to be given in evidence.    He was not a party to the proceeding, and the declaration sought to be introduced was not against his interest.    Nor can we agree that they were, as counsel argue, " made in the usual course of business at a time when he had no motive in making a false statement."    Upon the contrary, Vadakin made the statements for the express purpose of showing that he was financially good.    That he had property beyond his liabilities so that he might obtain credit, and his direct interest was to omit his indebtedness from the statements.    That a person even at a time when he has no motive for making a false statement can, by admitting that he is not indebted, make evidence against one claiming to be his creditor is a propo-

sition that refutes it itself.   The appellant by an instruc-
tion marked No. 4 asked the court to advise the jury that
Meachem was not bound by these statements of Vadakin so
far as they related to the existence of indebtedness between
them and that an omission of Meachem's claims from Vad-
akin's list of liabilities was not to be considered by them in
determining the question as to whether Vadakin really was
indebted to Meachem or not, but the court refused to so
instruct the jury.

In the view we have of the case this was error.   There is,
we think, also just grounds of complaint against the instruc-
tions given for the appellee as a series.   Certain facts relied
upon by the appellee as tending to show fraud, such as the
relationship by marriage existing between the appellant
and Vadakin, the value of the property sold, the fact that
Vadakin parted with all his property, that no invoice was
made, were specified by the court and reiterated in different
instructions as proper for the consideration of the jury.

In the third instruction given for the appellee, the jury
are told that it is their duty to take into consideration the
fact of the relationship of the parties, and also the value of
the property transferred, as shown by the evidence, when
compared with the sum claimed to have been paid for it,
together with the other facts proven; and by the sixth
instruction the jury are again advised that if Vadakin trans-
ferred all his property to his father-in-law for several thou-
sand dollars less than its actual value, and that no ar-
rangement was made for the creditors of Vadakin, and
that such sale was made with intent to hinder and delay
creditors, then such sale is void.   The seventh instruction
admonishes the jury that they have the right to take into con-
sideration the relationship between Vadakin and Meachem,
the fact that no invoice of the goods was made, the price paid
for the goods, and if from all the facts and circumstances
proven they find fraud, then the sale is void.   The eighth
instruction again reminds the jury that if Vadakin trans-
ferred all his property to Meachem and retained none with
which to pay his creditors, that such is another circumstance
for their consideration.   By these instructions the court is

Meachem v. Hahn & Co.

made to specify certain particular facts and reiterate and press them upon the attention of the jury. Practically such instructions impress the jury with the idea that the court sees these strong facts in favor of the appellee, and singles them out from all other facts as being controlling in their nature, and such as ought not to be forgotten nor lightly considered by the jury. All the facts and circumstances proven are for the consideration of the jury, and unless some presumption arises by law from the mere existence of a fact, the weight that ought to be given to any fact is a question for the jury. The fact that a sale is made to a relative is not a badge of fraud, (Schroeder v. Walsh, 120 Ill. 403,) nor does the law presume that transactions between relatives are fraudulent. (Wightman v. Hart, 28 Ill. 495; Waterman v. Donaldson, 43 Ill. 29.) Nor does the law raise a presumption that a transfer of all of a debtor's property in payment of the claim of one creditor is fraudulent, because nothing is retained wherewith to pay other creditors. (Schroeder v. Walsh, *supra*, and other cases there cited.) The fact of relationship or that no property is retained for other creditors may excite suspicion and have weight when considered together with all the other facts and circumstances attendant upon the transaction. Instructions should not be so drawn as to direct and repeatedly call the attention of the jury to particular facts or features not in themselves conclusive, but favorable to one party, while other facts and features, favorable to the other side, are omitted from equally special mention. Thompson on Trials, Vol. 2, Sec. 2330. Counsel may select the strong and salient points appearing, and seek in the argument to direct the thought of the jury to them as being the important and controlling features of the case, but the instructions of the court should not be made the medium for conveying such views to the jury.

Because of the error in admitting the statements of Vadakin to be read in evidence, and the refusal to give instruction No. 4, asked by the appellant, the judgment must be reversed and the cause remanded.

*Reversed and remanded.*