## Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company v. William A. Fitzpatrick.

### Gen. No. 10,938.

1.  PROXIMITY OF TRACKS—*when instruction concerning liability of company by reason of, is improperly modified.*   An instruction which tells the jury that if they believe from the evidence that the tracks and trains were so far apart "that the plaintiff could by using reasonable care and caution avoid being injured by said freight train, whilst said two trains were approaching and passing each other, then as a matter of law the plaintiff cannot recover in this action," is improperly modified by inserting after the word "other" the words "and that he did not use reasonable care and caution to avoid injury."

2.  OWNERSHIP OF TRACKS—*when instruction upon, is improperly refused.*   Where the question of the ownership of railroad tracks is a controverted and vital issue in a case, it is error to refuse to instruct the jury that if they believe from the evidence "that the passenger train upon which plaintiff was riding at the time in question was upon a track which was not owned or controlled at said time by the defendant, then, as a matter of law, the plaintiff cannot recover," and it is, likewise, improper to·refuse to submit to the jury a special interrogatory upon the same subject.

Action on the case for personal injuries.   Appeal from the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1902.   Reversed and remanded.   Opinion filed February 13, 1904.

**Statement by the Court.**   This is a suit for personal injuries.   The declaration avers that appellant possessed and controlled two certain railroad tracks adjoining and close to·

each other; that appellee was rightfully and with reasonable care and diligence riding on the steps of a train of the Chicago, Milwaukee & St. Paul Railway Company going east on one of said tracks; that a train of cars of the appellant was then and there on the other of said tracks going west, the two trains being about to pass each other; that appellant negligently permitted the two tracks to be situated and constructed and to remain so close and at such a dangerous and insufficient distance apart, as to render it highly dangerous to persons rightfully being on the steps of the C., M. & St. Paul train; that by reason of the said dangerous and unsafe proximity, the train of the defendant then and there with force and violence came into contact with appellee and knocked and pushed him from the C., M. & St. Paul train, causing the injuries complained of.   There was judgment for plaintiff, from which comes this appeal.

George Willard, for appellant.

Theodore G. Case and John T. Murray, for appellee; A. W. Browne, of counsel.

Mr. Presiding Justice Freeman delivered the opinion of the court.

It is claimed in behalf of appellee that he was riding on the rear platform of about the third car of a suburban train operated by the Chicago, Milwaukee & St. Paul Railway Company which he had taken at its Western Avenue station; that finding he had by mistake left his money at home he got down onto the platform step, in order to get off the train at its first stop; that he was standing on the step having hold of the handle bars, his body projecting out about a foot, and that he did not know at the time that the cars passing on the tracks at that point would come so close together.

There is conflict in the evidence as to the distance between the cars of the respective trains when passing at that point.   Witnesses for appellant state it to have been more than four feet and witnesses for appellee place the

distance at about eighteen inches.  There is also evidence introduced by appellant tending to show that the accident did not occur as appellee says it did; that it occurred in consequence of appellee's having jumped from the moving Chicago, Milwaukee & St. Paul train, before appellant's engine had reached that point.  It is claimed that he was thus thrown or came against appellant's train by reason of his own momentum, when he thus jumped, and it is urged that his own testimony does not explicitly state that he was still on the platform step when he was struck.  It is also insisted that the averment that appellant was possessed of and controlled both tracks, is not sustained by the proof. Inasmuch as the case must be retried, we refrain from comment on the evidence.  The errors alleged to have been committed in admitting and rejecting evidence will not in all probability arise on another trial.

The conflict in evidence referred to emphasizes the necessity of correct instructions.  Appellant requested an instruction telling the jury that if they believed from the evidence that the tracks and trains were so far apart, "that the plaintiff could by using reasonable care and caution avoid being injured by said freight train, whilst said two trains were approaching and passing each other, then as a matter of law the plaintiff cannot recover in this action." This the trial court modified by inserting after the word "other" the words "and that he did not use such reasonable care and caution to avoid injury."  The instruction as requested related to the question of appellant's alleged negligence in permitting the tracks to be placed so close to each other.  If there was no such negligence on the part of appellant, then it is not liable, without reference to the question of appellee's care.  Partlow v. Ill. C. R. R., 150 Ill. 321–327.  The instruction as given was clearly improper.  The averment of the declaration charging that appellant was in possession and control of the two tracks, is controverted and is vital.  The trial court refused an instruction requested by appellant bearing upon this controversy, which was as follows:  "If the jury believe from

the evidence that the passenger train upon which plaintiff was riding at the time in question was upon a track which was not owned or controlled at said time by the defendant, then, as a matter of law, the plaintiff cannot recover," etc. This related to a material averment of the declaration, which as the pleadings stand it is incumbent on the appellee to sustain by evidence. Appellant was entitled to have the instruction given. We are unable also to discover any reason why the special interrogatory upon that point should not have been submitted to the jury.

For the errors indicated, the judgment of the Superior Court must be reversed and the cause remanded.

*Reversed and remanded.*