DETERMINED IN THE

## SECOND DISTRICT

OF THE

# APPELLATE COURT OF ILLINOIS

## DURING THE YEAR 1906.

### H. H. Kahl, Administrator, v. Chicago, Milwaukee & St. Paul Railway Company.

#### Gen. No. 4,568.

1. CROSSING SIGNALS—*instructions with regard to duty of giving, held erroneous.* In this case a series of instructions is considered and it is held that the jury was improperly instructed with respect to the duty of a railroad company to give crossing signals.

2. ORDINARY CARE—*when instruction as to, erroneous.* An instruction which tells the jury that before the plaintiff could recover he must prove by a preponderance of the evidence "that the deceased himself was exercising reasonable or ordinary care and caution upon his part to discover the approaching train and to avoid danger from it," held erroneous as applied to one approaching an unfamiliar railroad crossing.

3. REPETITION—*contained in instructions, where harmful, ground for reversal.* The repetition in instructions of a vital proposition of law where apparently harmful is ground for reversal.

Action on the case for death caused by alleged wrongful act. Appeal from the Circuit Court of Carroll County; the Hon. JAMES S. BAUME, Judge, presiding. Heard in this court at the October term, 1905. Reversed and remanded. Opinion filed March 10, 1906.

WOOD & ELMER and DOUGLAS ALLEMAN, for appellant.

GEORGE L. HOFFMAN and CHARLES B. KEELER, for appellee.

294

MR. JUSTICE FARMER delivered the opinion of the court.

This action was brought by the plaintiff to recover damages for the alleged negligent killing by defendant, of his son, Earl J. Kahl. Deceased was a boy not quite fifteen years old. On the 3rd day of April, 1902, he had gone from Brookville, his home, to Shannon, to take an examination held there by the county superintendent of schools. On his way home he was accompanied by two girls, all three of them riding in a top buggy drawn by one horse. The evidence tends to show that they returned by a road not very familiar to Earl. The highway upon which they were traveling was crossed by defendant's railroad track, the crossing being known as Crabtree's Crossing. While attempting to pass over the crossing, between 8 and 9 o'clock at night, the vehicle in which deceased was riding was struck by a fast passenger train of defendant, running at a high rate of speed, and all three of the occupants killed. The horse also was killed and the buggy demolished. The declaration consisted of three original and three additional counts. Only the latter are abstracted. The first additional count charges defendant with negligently failing to ring a bell or sound a whistle while approaching the crossing as required by law. The second additional count charges that defendant had on its engine a defective headlight which was so dim as not to give warning to travelers on the highway of the approach of the train and with running the train thus improperly equipped at a high rate of speed. The third additional count charges generally that defendant negligently and improperly managed and drove its engine and train over the crossing and in consequence thereof and while deceased was in the exercise of due care and caution for his safety, struck and killed him. That plaintiff's evidence tended to support one or more of these counts cannot be denied, but having reached the conclusion that this judgment must be reversed on account of the court's rulings in giving instructions we will not discuss the evidence further than to say, that especially as to the count charging the defendant with failure to ring a bell or sound a whistle while approach-

ing the crossing as required by the statute, the evidence was very conflicting. It was therefore necessary that the jury should be properly instructed.

The court gave six instructions for plaintiff and thirty-one for defendant. There was no instruction given for either party telling the jury that the statute required defendant to cause a bell to be rung or whistle sounded at the distance of at least eighty rods from the place where the railroad crosses any public highway and to keep the same ringing or whistling until such highway is reached. An instruction asked by plaintiff stating that the statutes of Illinois required this was refused by the court. Defendant's third instruction told the jury that it was incumbent upon plaintiff to prove by a preponderance of the evidence "that the bell was not rung for eighty rods before reaching the crossing, or that the whistle was not blown for that distance; and it is not for the defendant to prove that the bell was rung or that the whistle was blown for that distance before reaching the crossing." Defendant's tenth instruction was as follows:

"The court instructs the jury that the Illinois statute did not require this engine whistle to be blown and its bell to be rung while said engine was approaching and passing over the highway crossing in question, but it only required that one of these warning signals be given. Before he can recover upon that charge the plaintiff is required to establish, by the preponderance or greater weight of all the evidence, that neither one of these warning signals were given as required by said statute.

"Even if the jury should find from the evidence that said engine whistle was not blown, but should find from the evidence that said bell was rung as required by statute, then the defendant cannot recover on that charge of negligence.

"Or if the jury should find from the evidence that the engine bell was not rung, but should find from the evidence that its whistle was sounded, as required by statute, then in that case the plaintiff cannot recover upon such charge of negligence, and the jury should so find."

In view of the fact that there was no instruction in the series telling the jury what the statute required with reference to giving signals for highway crossings, we think these instructions were erroneous. The jury would very likely understand from the third instruction that if the defendant's servants rang the bell or sounded the whistle eighty rods from the crossing there could be no liability under the count in the declaration predicated on the failure of defendant to give the statutory signals. The requirement of the statute is not that the bell shall be rung or whistle sounded "for eighty rods before reaching the crossing," but that such signal shall be given "at the distance of at least eighty rods from the place where the railroad crosses or intersects any public highway and shall be kept ringing or whistling until such highway is reached." Defendant's tenth instruction told the jury that the statute did not require both the bell to be rung and the whistle sounded while the engine was approaching and passing over the crossing, but that in order to entitle plaintiff to recover under the first additional count it was incumbent upon him to prove "that neither one of the warning signals were given as required by said statute." The jury would be as likely to understand that the statutory duty of defendant was stated in the third instruction as in any other instruction given. It is true the law was correctly given the jury on the subject of crossing signals in plaintiff's first instruction, but the jury was not told in that instruction that defendant's duty as therein defined was enjoined by statute. The jury had no means of knowing whether plaintiff's first instruction or defendant's third instruction stated the statutory duty of defendant with reference to giving signals for crossings.

Defendant's thirteenth instruction among other things, told the jury that before plaintiff could recover he must prove by a preponderance of the evidence "that the deceased himself was exercising reasonable or ordinary care and caution upon his part to discover the approaching train and to avoid danger from it." As we have before stated there was evidence tending to show that the highway upon which deceased

was traveling was unfamiliar to him. Every one is bound to know that a railroad crossing is a place of danger and where one knows of the existence of such crossing and approaches it with the intention of passing over it, he is bound to exercise due care and caution for his own safety, but just what constitutes such care and caution is a question of fact, and differs with the varying circumstances of the particular case. We do not think it can be said as a matter of law that one traveling over an unfamiliar highway is bound to keep a lookout for approaching trains on tracks that cross the highway but of which the traveler is in ignorance. Such traveler is required to exercise ordinary care for his safety, but it was as improper to tell the jury in this case that deceased was required to use care and caution to discover the approaching train as it would have been, had he been familiar with the crossing and its location to have told them as a matter of law that it was his duty to look and listen. It was the duty of deceased under all the circumstances to exercise ordinary care for his safety but the jury should have been left to determine whether he did exercise such care or not from the facts and circumstances proven on the trial. C. & A. R. R. Co. v. Pearson, 184 Ill., 386; Chicago Terminal T. R. Co. v. Schmelling, 197 Ill., 619; C. M. & St. P. Ry. Co. v. Wilson, 133 Ill., 55; Partlow v. I. C. R. R. Co., 150 Ill., 321. Some other instructions of defendant appear to ignore the evidence tending to show deceased was not familiar with the crossing, and apparently assume that he knew its location and that he was approaching it for the purpose of passing over it. In this respect they were not applicable to the evidence. Mayer v. Springer, 192 Ill., 270.

Eleven of defendant's instructions contained repetitions of the doctrine that to entitle plaintiff to recover, the evidence must show that deceased was in the exercise of due care for his safety, that his death was caused by the negligence of defendant and that his own negligence did not cause or contribute to it. We are of opinion the frequent repetition of the same principle coming from a learned and able judge whose fairness cannot be questioned, tended to create

the impression that the court thought this element of the case should be particularly emphasized and was calculated to have an undue influence on the minds of the jury. While repetitions are not always avoidable and are not necessarily erroneous, when they are so frequent upon a vital point, as is the case in this record, we think the effect could not be otherwise than harmful.

For the reasons indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*