EMMA HOSKOVEC, APPELLANT, v. OMAHA STREET RAILWAY
COMPANY, APPELLEE.

FILED FEBRUARY 20, 1908. No. 15,037.

1. **New Trial:** MISCONDUCT OF JUROR. Where a question as to the
operation of physical laws is involved in a case, and a juror
seeks the opinion of a person specially skilled in such matters,
but not called as a witness, and communicates such opinion,
when obtained, to his fellow jurors, such action of the juror is
misconduct, for which the trial court may properly set aside
the verdict.

2. **Trial:** INSTRUCTIONS. In a case where the defendant had the
greater number of witnesses upon a material point, the court
instructed the jury that the weight of evidence did not neces-
sarily depend upon the number of witnesses who testified for the
respective parties, but that it might consider the interest, in-
telligence, means of knowledge of the witnesses, the reasonable-
ness of their statements, and the extent to which they were
corroborated by other witnesses, and twice told it that the plain-
tiff must establish her issues by a preponderance of the evidence.
*Held*, That it was improper to afterwards submit two additional
instructions, in one of which the jury's attention was again
called to the rule regarding a preponderance of evidence, and in
the other of which it was told, without repeating the caution
first given, that it might consider the number of witnesses.

APPEAL from the district court for Douglas county:
WILLIS G. SEARS, JUDGE. *Reversed.*

*Weaver & Giller* and *F. T. Ransom,* for appellant.

*John L. Webster* and *W. J. Connell, contra.*

CALKINS, C.

The plaintiff was a passenger on one of the defendant's
cars going north on Thirteenth street, in the city of
Omaha, September 22, 1902. She alighted at Dodge street,
and in doing so she was seriously injured, and brought
her action against the defendant, alleging that after the
car was stopped, and while she was in the act of descend-
ing therefrom, the defendant's servants negligently started

the car, suddenly throwing her to the pavement and caus-
ing the injuries complained of.   The defendant denied
these allegations, and alleged that in fact the plaintiff
negligently stepped from the car before it was stopped,
and thereby received her injuries.   The cause has been
seven times tried in the district court.   On the sixth trial
there was a verdict for the plaintiff, which was set aside,
and the seventh trial resulted in a verdict for the defend-
ant.   From a judgment rendered upon this verdict, the
plaintiff appeals.

1. On the sixth trial the defendant produced several
witnesses who testified that the plaintiff attempted to
alight from the car by stepping from the running board
with her face to the rear, while holding on with her right
hand.   It was claimed by the plaintiff that the character
of her injuries demonstrated that she must have fallen
forward, while she would naturally have fallen backward
if the statements of defendant's witnesses were correct.
One of the jurors, anxious, no doubt, to ascertain the
truth, and probably unconscious of the impropriety of his
undertaking an *ex parte* investigation upon his own in-
itiative, interrogated one of the defendant's conductors as
to how a person leaving a car in the manner described
by defendant's witnesses before the same had been brought
to a stop would probably fall; and, having received the
answer that such person would sit down or fall backward,
he communicated the result of his inquiry to his fellow
jurors.   This conduct of the juror being complained of
by the defendant in a motion for a new trial, the district
court on that account set aside the verdict, and its action
in that regard is here assigned as error.

It will no doubt be conceded that a juryman may not
investigate any fact in issue on his own motion and
communicate the result to his fellows.   In this case the
opinion of the conductor was placed before the jury with-
out his having been produced or sworn as a witness, and
without the defendant's having any knowledge of its

53

having been so submitted, and without giving it an opportunity to cross-examine the witness or controvert his testimony. This method of placing facts before the jury violates several fundamental principles of the law regulating the trial of issues of fact; but it is urged that the fact so brought to the cognizance of this jury, to wit, that a person leaving a street car under such circumstances would fall backward, is one concerning the ordinary course of nature, of which the jury might take notice without its being brought to its attention by the evidence. The facts of nature which may be so considered are those which are so plain that there can be no difference of opinion about them. The fact that the juror in this case desired and sought for the opinion of a person having special opportunities for observation of such instances tends to show that he felt unable to satisfactorily determine the question out of his own experience, and that he therefore might, and probably did to some extent, depend upon the information which he acquired in this irregular way. We are therefore of the opinion that the court did not err in granting a new trial upon this ground.

2. The trial court upon its own motion gave instructions which very fully and fairly presented the issues in this case to the jury. In the first instruction, the rule requiring the plaintiff to establish her allegations by a preponderance of the evidence was stated in a manner of which the defendant could not complain. In the second instruction, the jury were told that the only question for it to consider was: "Did the servants of the company in the charge of the car, after having brought the car to a stop at Thirteenth and Dodge streets, and while plaintiff was in the act of alighting therefrom, start said car forward, and thereby throw plaintiff upon the pavement and cause the injuries complained of, and was she injured thereby according to some of the claims made by her in her petition?" and the rule requiring a preponderance of the testimony was repeated to the jury in connection with this instruction. The third instruction was as fol-

lows: "The weight of evidence does not necessarily depend upon the number of witnesses who testify for the respective sides. In determining the question, you are at liberty to take into consideration the interest of the witnesses or any of them in the result of your verdict, their relationship to the parties in interest, if any, their intelligence, their means or opportunity of knowing the truth of the matter about which they testify, the reasonableness or unreasonableness of their statements, and the extent to which they are corroborated by other witnesses, if at all; you may consider the appearance and demeanor of the several witnesses while giving their testimony, and observe the candor and fairness with which they testify, or the want of those qualities, and determine for yourself the weight or credit to be given to the testimony of the several witnesses. If you believe any witness has knowingly or wilfully testified falsely, you are at liberty to disregard the whole of such witness' testimony, except such portion as may have been corroborated by other credible witnesses or evidence. You should not arbitrarily reject the testimony of any witness without just cause, but should seek to harmonize the testimony of all the witnesses on the hypothesis of truth, unless for good cause you are compelled to do otherwise."

The court also gave, at the request of the defendant, instructions numbered 2 and 5 as follows: "(2) You are instructed that it devolves on the plaintiff in this action to prove by a preponderance of the evidence that, while she was in the act of alighting from the car of the defendant, after it had been brought to a full stop, the car was suddenly started forward, and she was thereby thrown to the pavement and injured; and in that behalf you are further instructed that, if you find that the evidence in this case preponderates in favor of the defendant with regard to this allegation of negligence, or that the evidence as to whether or not the plaintiff was thrown from the car by the sudden starting forward of the same after it had stopped, or was caused by the plaintiff stepping or

voluntarily going down from the car just before it came to a full stop, is evenly balanced, or does not preponderate either way, it will be your duty to return a verdict in favor of the defendant. (5) While it is true that the weight of evidence does not necessarily depend upon the number of witnesses who testify for the respective sides, yet it is proper for you to take into account and consider in determining any matter in controversy the number of witnesses giving testimony, and you should not arbitrarily reject the testimony of any witness without just cause."

It is contended by the plaintiff that these last two instructions repeated, emphasized, and brought into undue prominence the fact that the burden was upon the plaintiff to establish her case; and that the giving of the instruction numbered 5 was erroneous, as tending to lead the jury to ignore the quality of the evidence and consider only its quantity. The court in its instructions given upon its own motion had twice stated the rule requiring the plaintiff to maintain the issues by a preponderance of the evidence. In its third instruction it had properly cautioned the jury as to the matters it might consider in determining the weight of the testimony of the different witnesses. In reference to the number of witnesses, the jury were told that the weight of evidence did not necessarily depend upon the number of witnesses who testified for the respective parties; that it was at liberty to consider the interest, intelligence, means or opportunity of knowing the truth, and the reasonableness or unreasonableness of their statements, and the extent to which they were corroborated by other witnesses. The giving of the caution that the weight of evidence does not necessarily depend upon the number of witnesses has been frequently approved, and it is well settled that a court should not tell the jury that a preponderance of the evidence is to be determined by count of the witnesses. 2 Thompson, Trials, sec. 2422; Blashfield, Instructions to Juries, sec. 271. The justification for the rule permitting this caution to be given to the jury is to be found in the

disposition of the lay mind to settle disputes of fact by a mere count of witnesses, rather than by the more painstaking and laborious method of applying to the evidence the tests which human experience has found necessary to the discovery of the truth. When the jury were told that it was entitled, in weighing the testimony of any witness, to consider the extent to which it was corroborated by other witnesses, the defendant was given all the advantage to which it was entitled by the preponderance in number of its witnesses. The giving of the instruction numbered 5 was not only an unnecessary repetition, but in the form in which it was given it was calculated to neutralize the effect of the caution which the court had already given that the jury were not to determine the preponderance of the evidence by a count of the witnesses. The giving of this instruction in the form in which it appears was likely to disturb the operation of the minds of the jurors in judging the evidence, and to give them the impression that they might after all determine the weight of evidence by mere numbers. It is no doubt abstractly true that, everything else being equal, consideration should be given to the number of witnesses, but we doubt the propriety of introducing such language into the instructions. It is sufficiently brought to the attention of the jury when it is told that it may consider, in weighing the testimony of any witness, the extent to which such witness is corroborated by other witnesses. We are satisfied that the instruction should not have been given without the jury's attention being again called to the caution contained in instruction numbered 3, given by the court on its own motion. The giving of the instruction numbered 2, requested by defendant, was an unnecessary and erroneous repetition of the rule requiring the plaintiff to establish her case by a preponderance of the testimony. While, perhaps, not of itself sufficient to require a reversal of the case, it was improper; and, taken in connection with defendant's instruction numbered 5, was likely to

mislead the jury.  For the error in giving these two instructions, the case should be reversed.

As the other errors urged by the plaintiff are not likely to arise upon another trial, we do not deem it necessary to consider them.

We therefore recommend that the judgment of the district court be reversed and the cause remanded for a new trial.

FAWCETT and AMES, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED.