## Pickering et ux. *v.* Snyder, Appellant.

*Negligence — Automobiles — Collision between motorcycle and automobile—Conflicting evidence—Wrong side of road—Speed—Case for jury.*

In an accident case growing out of a collision between a motorcycle and an automobile at a sharp curve in a narrow road, the case is for the jury where the evidence for plaintiff, although contradicted, tends to show that defendant drove his automobile on the wrong side of the road, at a speed of thirty miles an hour, without looking ahead for approaching vehicles.

Argued March 8, 1921. Appeal, No. 282, Jan. T., 1921, by defendant, from judgment of C. P. Northampton Co., Feb. T., 1919, No. 38, on verdict for plaintiffs, in case of Leonard Pickering et ux. v. Jacob L. Snyder. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for personal injuries. Before STEWART, P. J. The opinion of the Supreme Court states the facts.

Verdict and judgment for Leonard Pickering for $607, and for Carrie Pickering, for $5,000. Defendant appealed.

*Error assigned,* among others, was refusal of judgment for defendant n. o. v., quoting record.

*J. W. Paff,* of *Smith, Paff & Laub,* with him *Kirkpatrick & Maxwell,* for appellant.

*Asher Seip,* for appellee.

PER CURIAM, March 28, 1921:

On June 10, 1917, plaintiffs were riding north on the south Delaware River Road on a motorcycle with a side car attachment and defendant, with members of his family and friends, was driving south on the same road in a seven passenger touring car. A short distance south of the City of Easton at a sharp curve in the road, known as "Dead Man's Curve," the two cars collided, resulting in both plaintiffs receiving serious injuries. Plaintiffs alleged negligence on the part of defendant and in an action of trespass recovered verdicts. Defendant appealed from dismissal of rules for judgments n. o. v. and a new trial.

The roadway at the point of the accident is about twenty feet in width, sixteen feet of which is of macadam construction with asphalt covering, the remaining four feet ordinary earth surface.

The testimony was conflicting. That introduced on part of plaintiffs was to the effect that they were riding north on the right, or river, side of the road, with the right wheels of the motorcycle traveling on the dirt part of the roadway and the left wheels on the asphalt, at a speed of ten or twelve miles an hour; that defendant's car came in sight in front of them when sixty feet dis-

tant, traveling at a speed of thirty miles an hour on the same side of the road on which plaintiffs were riding, and that defendant, instead of being watchful for approaching vehicles, was looking toward the river. On the other hand, the testimony offered by defendant was that his car was traveling on the hill side of the road, and that plaintiffs' car was also on that side. In other respects his testimony contradicted that of plaintiffs in several material particulars. Plaintiffs' testimony, however, if believed by the jury, as it evidently was, is ample to sustain the verdicts. Under these circumstances the case could not possibly have been taken from the jury by the court below without error. We have examined the charge of the trial judge and particularly the excerpts contained in the third, fourth, fifth and sixth assignments and find they disclose no reversible error. The charge fully sets forth the facts as indicated by the testimony of the various witnesses and correctly states the law applicable in such cases.

The judgment is affirmed.