Argued December 21, 1933; affirmed January 9;
rehearing denied February 6, 1934

## BRONKEY *v.* OLSON
(28 P. (2d) 243)

*Custer E. Ross,* of Salem, for appellant.
*William P. Ellis,* of Salem, for respondent.

ROSSMAN, J. The complaint charges that the collision out of which this action arose was due to negligence of the defendant; the answer alleges that the cause was negligence of the plaintiff. Each party supplied substantial evidence in support of his charge. At the conclusion of the arguments of counsel the presiding judge read instructions to the jury, of which only the portion stating the rules of contributory negligence are criticized upon appeal. The plaintiff contends that a portion of this part of the charge is repetitious and argumentative. The entire charge upon the subject of contributory negligence is as follows:

"Contributory negligence is defined as an act or omission on the part of the plaintiff amounting to a want of ordinary and reasonable care under the circumstances concurring or cooperating with the negligent act, if any, of the defendant, and is a proximate cause or occasion of the injury complained of, and if you find from a preponderance of all the evidence in this case that the plaintiff was guilty of any negligence charged in the amended answer that helped to bring about or produce the injuries, if any, complained of, then and in that case, your verdict must be for the defendant. * * *

"I instruct you that on the issue of contributory negligence, that is, defendant's claim that the plaintiff himself was negligent, and that such alleged negligence contributed to or produced the injuries complained of, that the defendant has the burden of proof. The defendant must prove by a preponderance of the evidence in order to prevail on that issue that the plaintiff himself was negligent and that such negligence of plaintiff was the cause of or contributed to the injuries, if any, by plaintiff sustained. If defendant shall fail to prove to your satisfaction by a preponderance of the evidence that plaintiff was negligent, and that such negligence

caused or contributed to the injuries, if any, sustained by plaintiff you will disregard the defense of contributory negligence. It is not enough that you find that plaintiff was negligent in some particular, but you must find in addition thereto that such negligence proximately caused or contributed to the collision.

"If it shall appear to you from a preponderance of the testimony that the defendant in this case was negligent in any of the particulars alleged in the complaint, that such negligence was the proximate cause of the injuries, if any, sustained by the plaintiff, and that the plaintiff himself was not negligent or contributorily negligent in any of the particulars alleged in the amended answer in a respect that proximately caused or contributed to his injuries, if any, then your findings on this phase of the case should be in favor of the plaintiff.  *  *  *  *

"Plaintiff alleges that this accident happened by reason of the negligence of Mr. Olson, the defendant. The question you are to determine, in the first instance, is, has Mr. Bronkey proved the negligence of Mr. Olson? Until that is proved by a preponderance of the evidence there can be no recovery for Mr. Bronkey, and in the second place, you must determine whether or not the plaintiff was negligent, and if negligent, did contribute in any way to the injury. If you find the plaintiff was negligent and that negligence, if any, contributed to his injury, then there could be no recovery. You cannot weigh the negligence of plaintiff, if any, with the negligence of defendant, if any, and you are not to decide which was the more negligent, and say that the negligence of defendant was greater than the negligence of plaintiff. If you find from the evidence that plaintiff was negligent in any of the particulars charged in the amended answer, and if you further find such negligence, if any, caused or contributed in some degree, however slight, to the injuries, if any, sustained by plaintiff, then plaintiff would not be entitled to recover in this action."

The first two paragraphs of the above portion of the charge were given at the request of the plaintiff's

counsel in the exact language prepared by him. The exception which the plaintiff manifested to the charge in the circuit court is as follows:

"I wish to except to that portion of the court's instructions immediately following the giving of plaintiff's requested instruction No. 12, wherein it constituted a repetition, and as we claim, gave undue prominence to the theory of contributory negligence."

██ It will be noticed that in the circuit court the plaintiff voiced no belief that the charge was argumentative. The portion of the charge, not given at his request, and which is criticized as being argumentative, was apparently borrowed from the instructions quoted in *Pickering v. Snyder,* 270 Pa. 139 (113 Atl. 375), and requoted in Blashfield, Cyc. of Automobile Law, p. 1916. If, at the conclusion of the instructions, the plaintiff believed that any portion was argumentative in nature and thereby detrimental to his cause, he should have manifested his objection when an opportunity was still available to correct, if possible, any erroneous impression created by the charge. It will be observed that the criticized instruction clearly contains no argument upon the evidence. Before a judgment should be reversed because an instruction is argumentative the appellate court should find that the instruction is not only subject to that criticism but that it is also well capable of prejudicing the cause of the complaining party. Randall's Instructions to Juries, § 421; 64 C. J., Trial, p. 654, § 594. We find no contention in appellant's brief that the alleged argumentative character of the instruction was prejudicial. As previously stated, the criticized instruction was reviewed by the Pennsylvania court in the decision above cited and was found free from fault. While the language of the instruction is pointed, we do not believe

that it is subject to criticism as being argumentative. Choice of language must be left largely to the discretion of the trial judge who is better aware than we of the phraseology needed to convey to the jurors before him knowledge of the principles of law applicable to the controversy awaiting solution. We find no merit in this contention.

We come to the contention that the instructions are repetitious. It will be observed that only a small part of them which state the effect of contributory negligence are repetitious. Very likely the jury were well aware of that well-known principle of law before being drawn for jury service. We know of no principle of law which demands that a cause should be reversed merely because some part of the instructions are repetitious. Certainly no such principle is enunciated in any of the authorities cited in plaintiff's brief. *Donaghy v. Oregon-Washington R. & Nav. Co.*, 133 Or. 663 (288 P. 1003, 291 P. 1017); *Eastman v. Crary*, 131 Or. 694 (284 P. 280); *Kelley v. Joslin*, 123 Or. 253 (261 P. 413); *Rugenstein v. Ottenheimer*, 70 Or. 600 (140 P. 747); *Chruch v. Melville*, 17 Or. 413 (21 P. 387); *Hoskovec v. Omaha Street R. Co.*, 80 Neb. 784 (115 N. W. 312); *Strinkfellow v. Braselton*, (Tex.) 117 S. W. 204; *Kahl v. C. M. & St. P. Ry. Co.*, 125 Ill. App. 294; *Meachem v. Hahn & Co.*, 46 Ill. App. 144; 14 R. C. L., p. 751, § 22; 38 Cyc. 1681, § 11. These authorities, like many others of similar kind, cited in the textbooks (Randall's Instructions to Juries, § 414-416; 14 C. J., Appeal and Error, § 3021, p. 1039; 14 R. C. L., Instructions, p. 778, § 46) state that mere repetition does not demand reversal unless the repetitious matter is misleading in character or gives undue prominence to some phase of the controversy.

■ In the following instances judgments were affirmed, even though the repetitions were multiple in number: *Louisville & N. R. Co. v. Morlay,* 86 Fed. 240 (30 C. C. A. 6); *Huss v. Heydt Bakery Co.,* 210 Mo. 44 (108 S. W. 63); *Murray v. New York, etc., R. R. Co.,* 103 Pa. St. 37; *Snakenberg v. Minneapolis & St. L. R. Co.,* 194 Iowa 215 (188 N. W. 935). Repetition is rarely a virtue. Frequently it is a fault, but before it can amount to reversible error it must embrace some other vice, for instance, over-emphasize some phase of the controversy to the detriment of another, omit a part of the repeated instruction and thereby mislead the jury, etc.

■ The instructions to the jury appear to be fairly well balanced. Their correctness is not challenged. In well-chosen language they called to the attention of the jury plaintiff's charges against the defendant and the law applicable thereto. A jury of average intelligence should have experienced no difficulty whatever in correctly deciding this commonplace controversy when aided by the instructions' given to this jury. We believe that the instructions are not subject to the criticism offered by the plaintiff.

Having found no error in the record, it follows that the judgment of the circuit court is affirmed.

RAND, C. J., BELT and KELLY, JJ., concur.