Argued September 18; reversed October 2; rehearing
denied November 5, 1934

## MANEFF *v.* LAMER ET AL.
### (36 P. (2d) 336)

*Harry G. Hoy* and *Levenson & Solomon,* all of Portland (Hoy & Doxey and Arthur E. Prag, all of Portland, on the brief), for appellant.

*Frank S. Senn,* of Portland (Senn & Recken and W. E. Cameron, all of Portland, on the brief), for respondent.

RAND, C. J. Plaintiff brought this action against the defendants, George Lamer and Wesley Lamer, to

recover damages for an injury sustained by him when hit by an automobile driven by and under the control of said defendants while plaintiff was walking in a pedestrian crossing on Salmon street at its intersection with Third street in the city of Portland.

■ ■ Pending the action and before trial, George Lamer died and the action was dismissed as to him and proceeded to trial as to the other defendant. At the close of the trial, the court refused to give the following instruction requested by the plaintiff:

"I instruct you that, if you should find from a preponderance of the evidence that the plaintiff was using a regular pedestrian crossing in a business district, then and in that event it was the duty of the defendant to look out for and yield the right of way to the plaintiff, and if the defendant under such circumstances failed and neglected so to do, then and in that event he would be guilty of negligence, and if such negligence was the proximate cause of plaintiff's injuries, and the plaintiff himself was free from negligence, then and in that event your verdict must be for the plaintiff."

and charged the jury as follows:

"I instruct you that while it is a rule of law that a pedestrian at a regular crossing place has the right of way, yet, I also instruct you that this right of way is not an absolute one, and if a motorist comes to an intersection and the conditions are such that, as a reasonable prudent person, a collision is not to be reasonably apprehended with a pedestrian, and the conditions are such that, as a reasonably prudent person, there was sufficient time within which to pass in front of the pedestrian with his automobile and a contact with the pedestrian was not to be reasonably apprehended, then I instruct you that the motorist would have the right of way."

The trial resulted in a verdict and judgment for the defendant, and plaintiff has appealed, assigning as error the refusal to give said instruction and in charging the jury as above.

The correctness of the action so taken by the court presents the sole question for decision upon this appeal.

Section 38 of chapter 360, Laws 1931, provides:

"(a) The driver of any vehicle shall yield the right of way to a pedestrian crossing the roadway within any marked crosswalk or within any unmarked cross-walk at the end of a block, except at intersections where the movement of traffic is being regulated by police officers or traffic control signals, or at any point where a pedestrian tunnel or overhead crossing has been provided.

"(b) Whenever any vehicle has stopped at a marked crosswalk or at any intersection to permit a pedestrian to cross the roadway, it shall be unlawful for the driver of any other vehicle approaching from the rear to overtake and pass such stopped vehicle.

"(c) Every pedestrian crossing a roadway at any point other than within a marked or unmarked cross-walk shall yield the right of way to vehicles upon the roadway.

"(d) The provisions of this section shall not relieve the driver of a vehicle or the pedestrian from the duty to exercise due care."

Under the express provisions of this statute, a pedestrian, while crossing a street intersection on a regular pedestrian crossing, is given the right of way over motor vehicles unless, as the statute provides, the traffic is being regulated at such intersection by an officer or by traffic control signals, or some tunnel or overhead crossing has been provided. Under the plain directions of this statute, it is the duty of the driver

of a motor vehicle, in approaching a pedestrian lane, to observe whether pedestrians are crossing thereover and, if so, to give them an opportunity to pass in safety and, if necessary for their protection, to check the speed of his car or even to stop and wait until all danger of injuring any pedestrian is passed. There is no provision of the road law more essential to the safety of the public nor one more frequently and openly violated by motorists than this provision of the law. The instruction objected to failed to give effect to this provision of the statute by charging the jury that, under the circumstances stated in the instruction, the motorist and not the pedestrian had the right of way. Regardless of whether or not a reasonably prudent person in a given case would reasonably apprehend that he could pass with his automobile in front of a pedestrian in a pedestrian lane without coming in contact with such pedestrian, it would not give to the motorist the right of way over the pedestrian. The instruction was misleading in that the jury might infer that since the motorist and not the pedestrian had the right of way, the defendant was not liable, and have based that conclusion wholly upon that fact, while if the instruction had not been given in that form the jury might have found the other way.

We think that the instruction requested and refused contained a correct statement of the law applicable to the case and that the court's refusal to give that instruction was error which error was contained in and accentuated by the instruction given. For these reasons, the judgment is reversed.

KELLY, CAMPBELL and BAILEY, JJ., concur.

BAILEY, J., (specially concurring). I concur in the opinion of the majority of the court that it was erroneous to instruct the jury that the defendant under the circumstances recited in the instruction which was given had the right of way. The instruction which was refused was too broad in stating that the defendant would be negligent under the facts as therein stated. In my opinion the correct rule is stated in the following language from the case of *Merrifield v. Hoffberger Co.,* 147 Md. 134 (127 Atl. 500):

"The appellant in this case had the right of way, which meant that if, while proceeding, his course and that of the defendant's truck would bring them in contact at a given point in the pedestrian's way, he was not required to stop or diverge from his course so as to give the truck the right of way, but on the contrary, under such conditions, it was the duty of the driver of the truck to stop or diverge so as to give him the right of way, and the appellant had the right to assume that this course would be followed by the driver of the truck, not alone because the consequence resulting from a failure of the driver of the truck to do this would be extremely serious, but for the further and controlling reason that the statute required the driver to do so."

See also: *Clarkson v. Ley,* 106 N. J. Law 380 (148 Atl. 745); *Rolfs v. Mullins,* 179 Iowa 1223 (162 N. W. 783); and Berry on Automobiles (6th Ed.), § 357, page 318.

The mere fact that a pedestrian might be in the pedestrian lane when the automobile struck him, regardless of how the pedestrian came into the intersection, would not in all instances constitute negligence on the part of the driver. Many mishaps involving automobiles and pedestrians at intersections occur because children, or even adults, suddenly dart in front of a motor vehicle at a time when, regardless of the care

exercised by the driver of the vehicle, a collision could not by him be avoided. Nevertheless under the requested instruction the motorist would be, as a matter of law, negligent, because the pedestrian was injured while in the intersection. The evil of this part of the instruction, i. e., as to the negligence of the motorist, is not cured by the later insertion therein of the direction by the court that "your verdict must be for the plaintiff" if the jury should find that defendant's negligence was the proximate cause of plaintiff's injuries and the plaintiff was free from negligence. Since no transcript of the testimony is before us, we are dealing with an abstract proposition of law and cannot apply the requested instruction to the facts in this particular case.