· Argued at Pendleton May 4; affirmed June 16, 1942

## SINE *v.* MEHLHORN ET AL.

(126 P. (2d) 853)

Before KELLY, Chief Justice, and BAILEY, LUSK, RAND and BRAND, Associate Justices.

*E. R. Ringo*, of La Grande, for appellant.

*James Arthur Powers*, of Portland (A. S. Grant, of Baker, on the brief), for respondent.

KELLY, C. J. On January 15, 1941, plaintiff's decedent, Curtis W. Sine, was driving his automobile easterly on the Old Oregon Trail Highway, and at the same time the Chevrolet auto truck of defendant Mehlhorn was being driven westerly by defendant Douglass over the same highway. At a point approximately a mile south of Telocaset near mile post 311, a collision of the two cars occurred resulting in the death of Mr. Sine, the demolition of his automobile and damage to some electrical merchandise which he was transporting therein.

The errors assigned are:

1. Alleged error in sustaining defendants' objection to the following question asked witness Lewis:

"Q. Mr. Lewis, Mr. Powers has referred to a written statement you signed. Who asked you to sign that?"

2. Alleged error in giving the following instruction to the jury:

"You are further instructed that if you find from the evidence that the accident in question was proximately caused by the concurring negligence of plaintiff's decedent and the driver of defendants' truck, then the plaintiff could not recover, and your verdict should be in favor of defendants."

■ As to the first assignment of error, the above quoted question was asked while witness Lewis was giving his deposition. This deposition was received in evidence by the trial court subject to objection to any part thereof.

The trial court was apprised of the answer thereto as it appeared in the deposition before the question was read before the jury.

The answer appearing in the deposition is: "An insurance man."

The statement to which Mr. Powers referred while Mr. Lewis' deposition was being taken was not introduced in evidence.

We think no error was committed in sustaining the objection to that part of Mr. Lewis' deposition.

As to the second assignment of error, the argument in support thereof is based upon the action of the court in overruling plaintiff's motion for a new trial. In such motion, for the first time, plaintiff contended that the instructions of the court were repetitious. At the conclusion of the trial, plaintiff's counsel saved an exception as follows: "I just ask an exception to the instruction relative to concurring negligence."

■ If, at the close of the trial, counsel for plaintiff had thought that the instruction was prejudicially repetitious, he would have said so. A reversal is not warranted because some part of the instructions is repetitious. Repetitious matter constitutes reversible error only when it is misleading in character, or gives undue prominence to some phase of the controversy. *Bronkey v. Olson*, 145 Or. 662, 666, 28 P. 2d 243.

■ It is not claimed that the instruction under consideration was misleading, and we are of the opinion that it did not give undue prominence to any special phase of the controversy.

The judgment of the circuit court is affirmed.