Argued March 16, reversed with direction, April 13, 1960

# LANE *v.* STEWART ET UX

351 P. 2d 73

*Thomas H. Tongue* argued the cause for appellant. On the briefs were Bernau & Wilson, Roseburg, and Hicks, Davis, Tongue & Dale, Portland.

*Paul E. Geddes* argued the cause for respondents. On the brief were Geddes, Felker, Walton & Richmond, Roseburg.

Before McALLISTER, Chief Justice, and SLOAN, O'CONNELL and HARRIS, Justices.

HARRIS, J. (Pro Tempore)

This is an action by plaintiff, Ebert S. Lane, against the defendants, Vern Stewart and Esther Stewart, for personal injuries. Subsequent to verdict and judgment in favor of the plaintiff, defendants moved for a new trial. From an order sustaining defendants' motion for new trial, plaintiff appeals.

On September 6, 1956, plaintiff was operating a truck-tractor in a southerly direction on highway 101

at a point approximately 13 miles north of the city of Florence, Oregon. Plaintiff was approaching a sharp left-hand curve in said highway. Defendant Vern Stewart was at said time and place operating an Oldsmobile sedan in a southerly direction behind plaintiff's vehicle. Plaintiff claims that as the two vehicles were approaching the curve, defendant Vern Stewart (hereinafter referred to as defendant) pulled into the left-hand lane of the highway and passed plaintiff's vehicle; that defendant's vehicle thereupon was abruptly decelerated and went into a skid in front of plaintiff's vehicle and swerved and zigzagged from side to side immediately in front of plaintiff's vehicle; that to avoid colliding with defendant's vehicle plaintiff was forced to veer his truck sharply to his left, causing it to turn over, inflicting on him the injuries complained of.

Plaintiff alleged defendant was negligent in the following six particulars:

"(a) Negligently and carelessly operated said Oldsmobile car at a rate of speed which was high and dangerous under the circumstances and conditions then existing.

"(b) Negligently and carelessly failed to have said Oldsmobile car under control or under such control that it could be readily stopped, turned aside or the speed thereof slackened on the appearance of danger.

"(c) Negligently and carelessly drove to the left side of the center line of said highway in overtaking and attempting to pass plaintiff's said truck when such overtaking and passing could not be completely made without impeding the safe operation of plaintiff's said vehicle.

"(d) Negligently and carelessly drove to the left side of the center line of said highway when upon a curve on said highway when the said driver's view along said highway was obstructed within a distance of 500 feet.

"(e) Negligently and carelessly overtook and attempted to pass the plaintiff's said truck when such movement could not be made in safety.

"(f) Negligently and carelessly overtook and passed plaintiff's said truck and drove again to the right side of the highway at a time when defendants' said Oldsmobile car was not safely clear of plaintiff's said truck."

The grounds of defendant's motion for a new trial are summarized as follows:

"(a) Failure to withdraw specification (a), charging excessive speed, for alleged lack of evidence.

"(b) Failure to withdraw specification (c), charging defendant with attempting to pass when he could not do so without impeding the safe operation of plaintiff's truck, both for alleged lack of evidence and for alleged lack of proximate causation.

"(c) Failure to withdraw specification (d), charging defendant with passing within 500 feet of a curve, for the same alleged reasons.

"(d) Failure to withdraw specification (e), charging defendant with attempting to pass when he could not do so in safety, for alleged lack of evidence.

"(e) (f) (g) (h) Submission to the jury of the foregoing specifications, for alleged lack of evidence and for alleged lack of proximate causation.

"(i) That the verdict was allegedly excessive and was given under the alleged influence of passion and prejudice."

■ The question for decision is whether the court properly granted defendant's motion for a new trial upon any of the grounds set forth in the motion for new trial. If any of the grounds set forth in the motion is tenable, this court must sustain the order granting the new trial. If none of the grounds can be sustained, the

judgment based on the verdict of the jury must be reinstated. *Zeek v. Bicknell*, 159 Or 167, 169, 78 P2d 620.

Because of the unusual nature of the accident in question, it will be necessary for us to give a somewhat detailed statement of the facts.

The accident took place on a sharp hairpin curve on a bluff overlooking the Pacific Ocean on the Oregon Coast highway. Approaching from the north this curve was located at the base of a descending grade, down which there was a straight stretch of highway with visibility of from 750 to 900 feet.

Warning of the curve was given by three highway signs. The first sign, "Sharp curve ahead," was located at the top of the hill and at the start of the curve at the northerly end of the straight stretch. The second, a "Slow" sign, was located partly down the straight stretch. The third, a usual curve sign with a right-angled arrow and "25 m.p.h.," was located about midway on the straight stretch.

At the point of the accident the paved portion of the highway was 23 feet wide with a guard rail at the edge overlooking the bluff.

Plaintiff, a truck driver of 31 years' experience, was operating an International truck or a tractor with dual rear axles, hauling a "low boy" trailer also equipped with dual rear axles, loaded with a "cat." With its load the outfit weighed about 32 tons, was 44 feet long and was preceded by a flagman in another vehicle to warn oncoming traffic.

The truck had brakes on its rear wheels but not on the front wheels. The trailer also had air brakes connected to a pressure tank holding 120 pounds of pressure.

Plaintiff testified that after he would step hard on

the trailer brakes it took a second or two for the air pressure to build up again, with the result that when within such time, it was necessary for him to step on the trailer brakes again, they did not at once skid the wheels, although they would slow down the vehicle. There was no evidence that the brakes were out of repair.

Plaintiff testified that while he was proceeding down-grade at about 20 miles per hour against the compression of his engine, the defendant proceeded to pass him when he was about half way down the straight stretch. At this time plaintiff claimed to be "fanning" the brakes of his trailer. Plaintiff testified the point where defendant started to pass him was beyond the "slow" sign and at the point of the "curve" sign.

Plaintiff further testified defendant then cut sharply in front of him and jammed on his brakes directly in front of plaintiff's outfit at the beginning of the sharp curve mentioned. Plaintiff stated defendant then "rolled away" for a moment in front of his truck and then when about 15 to 25 feet out in front, started to zigzag and weave across the road, causing defendant to slow down again in front of the truck.

Plaintiff swore that when defendant cut in front of him, plaintiff set the trailer brakes, slowing the truck to a speed of from 10 to 20 miles per hour. According to plaintiff, he turned his truck at that point to the right and into the gravel shoulder to avoid hitting the defendant. Plaintiff further stated that when defendant then started to "roll away" he assumed everything was all right and released the trailer brakes. Plaintiff testified that when defendant's car then started to zigzag across the road in the turn and again slowed down in front of his vehicle it was necessary for plaintiff, who was then operating on the gravel shoulder, to then

put on his trailer brakes. Since he had just before been caused to set these brakes, they did not at once "skid" the wheels but required an interval of a second or two for the pressure to again build up to that point, although the brakes were slowing up the vehicle. To avoid striking defendant's car, which plaintiff claims was zigzagging out of control 15 to 20 feet in front of the plaintiff, he tried to turn the truck to the left and reach an "open spot." In doing so, the truck turned over against a guard rail, pinning plaintiff in the wreckage and causing the injuries for which this action is brought. Defendant, whose car was still out of control, then hit the guard rail on the right side of the curve, bounced back on the highway and proceeded on without stopping.

There is evidence that in passing the plaintiff, defendant was traveling 40 miles per hour.

■ While there was some dispute in the testimony, we are compelled after verdict to resolve this matter in favor of the plaintiff.

It is the position of the defendant that any alleged act of negligence on his part in passing the plaintiff's truck could not have been a proximate cause of the accident, because the evidence indicates that the passing was completed safely and successfully. In particular, defendant relies on the following testimony given by plaintiff:

"Q  And, as soon as they started to pass, they cut in front of you very quickly, according to your story.
"A  Yes.

"Q  And put on the brakes.
"A  Yes.

"Q  And you immediately applied your brakes.
"A  Yes.

"Q And you were able to control your vehicle at that time, weren't you?

"A That's right.

"Q And you didn't hit them.

"A No.

"Q And then they started to roll away from you.

"A That's right.

"Q As soon as they started to roll away from you, then you started to let your truck go.

"A That's right.

"Q And they weren't very far from you when, according to your story, you let your truck go, were they?

"A No, but they were gaining on me."

Defendant also relies on the following statement of the plaintiff which refers to defendant's conduct after the passing was completed: "He [defendant] rolled away from me after releasing his brakes, so I thought everything was alright." Defendant contends that any alleged act of negligence committed by the defendant in passing plaintiff's vehicle was separated both in time and space from the subsequent loss of control by defendant to such an extent that the prior acts of defendant could not be properly found by the jury to be the proximate cause of the accident.

Defendant also brings to our attention that although the air pressure on the trailer brakes was low and it would take time to build it up again, the plaintiff, after the passing was completed, released the brakes on his equipment and accelerated its speed on a down grade approaching the curve in question.

Defendant also urges that when the defendant appeared to be in trouble, plaintiff applied the trailer

brakes, and when they did not take hold, he applied the tractor brakes, all of which conduct placed the trailer either in the position of running over the tractor, if on a straight stretch, or of causing the equipment to jack-knife, if on a curve.

In the final analysis defendant contends the evidence reveals that his passing was completed in safety to the extent that a "normal situation" was re-established with each driver having his vehicle under control.

There is no substantial dispute between the parties with reference to the applicable principles of law that are involved. The parties differ as to the applicability thereof to the facts of this case.

> "It is axiomatic that what is the proximate cause of an accident is generally a question of fact to be determined by the jury and not by the court. Where, however, the facts are undisputed and are susceptible of but one inference, then the question becomes a legal one for the court." *Shelton v. Lowell et al.*, 196 Or 430, 440, 249 P2d 958.

> "This court has stated and restated many times that the question of proximate cause is one for jury determination unless the facts of the case are such that the court can say affirmatively that all reasonable minds must reach the same conclusions therefrom. It is unnecessary to cite our many decisions to that effect. It is a rare case, indeed, where proximate cause is decided as a matter of law." *Celorie v. Roberts Bros., Inc.*, 202 Or 671, 681-682, 276 P2d 416.

■ After verdict the record must be reviewed in the light most favorable to plaintiff. He is entitled to the benefit of every reasonable inference that can be drawn from the evidence in his favor. *Hicklin v. Anders*, 201 Or 128, 138, 253 P2d 897, 269 P2d 521.

This court has stated in *Schweiger et ux. v. Solbeck et ux.*, 191 Or 454, 465-466, 230 P2d 195:

"* * * A plaintiff is not required to establish with certainty the proximate cause of his injury, however, and it is sufficient if the proof shows that, of various possible causes shown by the evidence, the one for which the defendant was responsible was the most probable. *Lippold v. Kidd*, supra; *Goldfoot v. Lofgren*, supra; *Cowgill v. Boock*, 189 Or. 282, 218 P.2d 445, 449. We are satisfied that there was substantial evidence tending to show that the proximate cause of the injuries suffered by plaintiffs was a flood, of the intensity usually characterized as 'a wall of water', emerging from the ravine. While it would have been improper to have permitted the jury to speculate upon the causes of this flood, *Holmberg v. Jacobs*, 77 Or. 246, 251, 150 P. 284, Ann. Cas. 1917D 496, plaintiffs were not obliged to prove their allegations of negligence by direct and positive evidence. *Geldard v. Marshall*, 43 Or. 438, 444, 73 P. 330. Circumstantial evidence was sufficient, and it was competent for the jury to base its verdict upon inferences logically deduced from the facts proved. *Carroll v. Royal Mail Steam Packet Co.*, 130 Or. 294, 299, 279 P. 861. From the visible circumstantial evidences of a flood to which the plaintiffs' witnesses testified, the jury was authorized to determine that there was a reasonable probability that plaintiffs suffered the injuries of which they complained through the negligence of defendants as alleged."

In *McMillen v. Rogers*, 175 Or 453, 461, 154 P2d 219, this court has approved the following:

"'* * * In order to render a party liable for the consequence of his wrongful act, it is not necessary that he should have contemplated or been able to foresee the precise form or manner in which the plaintiff's injury would be received.' *Aune v. Oregon Trunk Railway*, 151 Or. 622, 632, 51 P.(2d) 663.

" 'Liability for negligence is not predicated upon

the necessity that the wrongdoer should foresee that an injury would result from his wrongdoing. It is sufficient that in view of all the circumstances, he should have foreseen that his negligence would probably result in injury of some kind to some one.' *Horne v. Southern Railway Company*, 186 S.C. 525, 197 S.E. 31, 116 A.L.R. 745.

" '* * * It is not necessary that the defendant should have had notice of the particular method in which an accident would occur, if the possibility of an accident was clear to the ordinarily prudent eye. It is sufficient if it appears that the negligent act of the defendant would probably cause harm to another, even though the precise manner in which it occurred could not have been foreseen.' Shearman and Redfield on Negligence, Revised Edition, volume one, pages 55 to 58, inclusive."

In *Aune v. Oregon Trunk Railway*, 151 Or 622, 633, 51 P2d 663, this court ruled as follows:

"It is not essential for a plaintiff to show that an act, claimed to have been the proximate cause of a certain result, was the only cause. It is sufficient if it be established that the defendant's act produced or set in motion other agencies, which in turn produced or contributed to the final result: Watson on Damages, section 65."

In *Birks v. East Side Transfer Co.*, 194 Or 7, 19, 241 P2d 120, this court approved the following statement taken from the Restatement of the Law of Torts, § 431:

"The actor's negligent conduct is a legal cause of harm to another if

"(a) his conduct is a substantial factor in bringing about the harm, * * *."

■ Applying the foregoing principles to the factual situation involved, we hold that there was evidence justifying a jury finding that the defendant pulled out

to pass plaintiff's vehicle beyond the "slow" sign and at the point of the curve with its 25 miles per hour warning sign; that in doing so, the defendant did not give heed to the express warning of danger and undertook to pass plaintiff within 500 feet of the curve in question at a time when such movement could not be made in safety. There was also evidence that the defendant passed plaintiff's truck at the start of the curve in question at a speed of 40 miles an hour, which could be found by the jury to be excessive under the circumstances, and that thereafter the defendant cut sharply in front of plaintiff's vehicle at the start of a down-grade hairpin curve and then suddenly applied his brakes in front of plaintiff's vehicle, all of which conduct caused plaintiff to pull off onto the shoulder of the highway. We believe that the jury could find under the foregoing circumstances that these acts of negligence produced a situation which resulted in defendant's losing control of his car, zigzagging across the highway, and then again slowing down in front of plaintiff's truck, and that the foregoing conduct of the defendant resulted in plaintiff's tipping over his vehicle when he attempted to avoid striking defendant's car. We hold it was a question of fact for the jury to determine whether or not the acts of the defendant heretofore mentioned relating to the manner in which defendant passed plaintiff's truck and cut suddenly in front of it contributed as a proximate cause to defendant's loss of control of his automobile after the passing had been made. It was a question of fact for the jury to determine whether defendant's course of conduct in passing plaintiff's truck and in suddenly cutting in front of it produced a situation which caused defendant to lose control of his vehicle and whether or not the loss of such control was a matter which should have

been anticipated by defendant in the operation of his motor vehicle.

While there was some conflict in the testimony as to the exact point in relation to the curve where the passing in question was completed, we believe that there was substantial evidence from which the jury could find in support of plaintiff's theory that defendant did not start to pass until there was not enough room to pass safely before entering the curve and that the passing was not completed until defendant was starting to enter the beginning of a sharp and dangerous hairpin curve. Defendant relies upon plaintiff's testimony that it appeared to him that everything was going to be all right. This testimony has been quoted at length in earlier portions of this opinion. But we believe the true test to be applied is not what appeared to the plaintiff but what the situation really was at the time and place of the accident. We believe the evidence was sufficient to justify a finding by the jury that after the passing had been completed by the defendant the defendant's car remained out of control, although a second or two of time elapsed before the defendant began to zigzag. The jury could well find, in our opinion, that had defendant's car been under control it would not within a second or two have started to zigzag and again slow down directly in front of plaintiff's truck. Thus, the jury was properly entitled to make a finding that defendant's negligence in passing plaintiff's truck not only created a dangerous situation in which defendant lost control of his car, but that, within the principles of law heretofore stated, such negligence in passing and in cutting directly in front of plaintiff's car could be found by the jury to have contributed proximately to the cause of the accident. In other words, the jury could find that the acts of

negligence in passing, cutting in front of plaintiff's car and jamming on the brakes contributed as substantial factors in producing the accident in question.

We cannot, under the evidence in this case and the applicable principles of law above referred to, rule as a matter of law that the link of causation between the acts of negligence of the defendant in passing plaintiff and cutting in front of him and the subsequent loss of control of defendant's car had been broken. This is true despite testimony in the record to the effect that subsequent to the passing plaintiff was able to apply his brakes and control his vehicle and that the defendant's car "started to roll away," leading plaintiff to believe everything was all right. The true test is not what appeared to the plaintiff, but whether or not after defendant had made his passing and cutting-in movement, he had control of his car. In this connection the jury was justified in concluding that although a second or two elapsed between the time defendant cut in front of plaintiff and the time defendant began zigzagging and slowed down directly in front of plaintiff (finally hitting the guard rail on the outside of the curve), defendant did not have control of his car subsequent to the passing and that this lack of control was proximately caused by the acts of negligence of defendant in passing and abruptly cutting in front of plaintiff's vehicle. Otherwise stated, the jury could find that defendant's negligence in passing plaintiff produced a dangerous situation resulting in the loss of control of his car; that the acts of negligence of defendant in passing, cutting in front of plaintiff and abruptly applying his brakes were substantial causative factors in the resulting injury or harm produced.

In view of the foregoing, we hold that there was sufficient evidence to justify the submission to the

jury of the specifications of negligence set forth in plaintiff's complaint and sufficient evidence to justify a finding by the jury that a violation of such specifications of negligence contributed proximately to the cause of the accident.

██ The only additional grounds set forth in defendant's motion for a new trial are that the verdict was excessive and was given under the alleged influence of passion and prejudice and that the evidence was insufficient to justify the verdict as to the amount of damages. As a basis for this motion defendant contends there is no substantial evidence sufficient to sustain the verdict as to special damages. Defendant contends that the evidence of loss of wages was speculative as to amount, and there was no showing nor evidence sufficient to justify an award of the full amount prayed for. We have reviewed the record upon the issue of the excessiveness of the verdict, and we find that the evidence was sufficient to justify the verdict that was rendered in this case. However, under *Van Lom v. Schneiderman*, 187 Or 89, 210 P2d 461, a trial court is precluded from awarding a new trial on the ground that the mere size of a verdict is sufficient to establish that it was given under passion and prejudice.

██ The defendant in his brief requests this court to determine that plaintiff was guilty of contributory negligence as a matter of law and, for that reason, his motion for directed verdict should have been granted. However, this matter was not included as one of the grounds of the motion for new trial, and, therefore, is not properly before this court for consideration.

We hold that the trial court was not justified in granting defendant's motion for new trial on any of the grounds set forth in the motion for new trial; that

none of the grounds set forth in the motion is tenable or can be sustained. Therefore, the order of the trial court granting a new trial is hereby reversed, and it is further ordered that the judgment heretofore rendered, based upon the verdict of the jury, be reinstated.