Argued October 6, reversed October 26, 1960

CEDEROTH *v.* COWLES ET AL
356 P. 2d 542

*Arthur S. Vosburg,* Portland, argued the cause for appellants. On the briefs were Vosburg, Joss, Hedlund & Bosch and Norman L. Lindstedt, Portland.

*Edwin J. Welsh,* Portland, argued the cause and filed a brief for respondent.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, GOODWIN and KING, Justices.

KING, J.  (Pro Tempore)

This is an action for the wrongful death of plaintiff's decedent as a result of being struck by defendants' car in an unmarked crosswalk in Portland, Oregon.

On December 19, 1957, at approximately 7:30 p.m., Richard A. Hoefer, a man 86 years of age, alighted from a bus on the west side of S. E. 39th avenue at the northerly intersection with S. E. Glenwood street. The bus went on and Mr. Hoefer started east across 39th avenue in the unmarked crosswalk. As he crossed the center line of 39th avenue, which is 41 feet from curb to curb, defendant Don H. Cowles was approaching the intersection from the south and driving north on the east side of 39th avenue, a two-way street.

Don Cowles first noticed Mr. Hoefer when he was about 70 feet away. Cowles was traveling between 30 and 35 miles per hour. He applied his brakes but struck Mr. Hoefer, and his body was carried about 70 feet from the point of impact.

It was a dark, cloudy, damp evening. There was a street light on the southwest corner of Glenwood street that at least partially lighted the intersection.

Another car driven by John M. Daniels was approaching the intersection from the north on the west side of 39th avenue. This driver saw Mr. Hoefer start across the street and stopped his car some 100 feet north of the crossing and was still there, with his car lights on, at the time of the accident.

The accident occurred within the extensions of the unmarked crosswalk. It is admitted that plaintiff's decedent, Mr. Hoefer, died as the result of this accident.

The case was submitted to the jury against Don H.

Cowles as driver of the car and against his father Earl Cowles as owner of the car under the family purpose doctrine. The jury returned a verdict in favor of both the defendants. The plaintiff filed a motion for new trial, which was granted by the trial court, and both defendants appealed.

The question for determination is: Should a new trial have been granted?

■ More than 30 days had elapsed between the judgment in the trial court and the order granting the new trial; consequently, the trial court could not grant the new trial on its own motion, but could consider any or all issues raised in plaintiff's motion for new trial.

In the recent case of *Lane v. Stewart*, 221 Or 293, 351 P2d 73, this court, by Justice HARRIS, said:

"The question for decision is whether the court properly granted defendant's motion for a new trial upon any of the grounds set forth in the motion for new trial. If any of the grounds set forth in the motion is tenable, this court must sustain the order granting the new trial. If none of the grounds can be sustained, the judgment based on the verdict of the jury must be reinstated. Zeek v. Bicknell, 159 Or 167, 169, 78 P2d 620."

Under this rule we will consider all parts of plaintiff's motion for new trial as they are set forth, rather than examine the case in the order of defendants' assignments of error.

■ Section 1 of the motion alleges irregularity in the proceedings of the court by which the plaintiff was prevented from having a fair trial and sets forth that the court failed to give plaintiff's requested instructions Nos. 2, 3, 5 and 6 and claims repetitive

emphasis in certain instructions on contributory negligence.

Section 3 alleges errors in law and exceptions thereto in the failure to give the same above-numbered instructions, as well as giving other instructions claimed erroneous.

These two sections of the motion will be considered at the same time.

Plaintiff's requested instruction No. 2 reads as follows:

> "I instruct you that a person driving an automobile is driving a machine capable of doing great damage if not handled in a careful and prudent manner. Therefore, it takes more care on the part of the driver of an automobile to amount to reasonable care in a situation than is required of a pedestrian walking across the highway. While the same degree of care is imposed on both the automobile driver and the pedestrian, the amount of care may be different, for it may be said that the autoist is bound to exercise a greater amount of care than the pedestrian."

Exception was taken by the plaintiff to "all our requested instructions that were not given or any of them given as modified." This exception was allowed.

The above instruction is taken almost verbatim from *Larkins v. Utah Copper Co.*, 169 Or 499, 512, 127 P2d 354. There the court said:

> "The above instruction is somewhat involved but we think what the court tried to impart to the jury was that the degree of care to be exercised by either a motorist or a pedestrian must be commensurate with the danger involved. * * * There is no evidence tending to show contributory negligence on the part of the plaintiff. The instruction

—even if erroneous—did not prejudice the rights of the defendants."

It will be observed from the above language that the court did not approve the language of the instruction for general application, but merely held it was not reversible error in the particular set of facts in that particular case.

In *Bracht v. Palace Laundry Co.,* 156 Or 151, 159, 65 P2d 1039, speaking of a similar instruction, Justice BAILEY says:

"* * * Although according to our previous holding it would not have been erroneous to give this requested instruction, nevertheless we do not believe that the failure to give it would constitute reversible error."

In *Sherrard v. Werline,* 162 Or 135, 162, 91 P2d 344, after an exhaustive study of cases from Oregon and from other jurisdictions, Mr. Justice ROSSMAN, speaking of an instruction identical to the first part of plaintiff's requested instruction No. 2 in this case, says:.

"Let us now revert to the challenged instruction. Its first sentence is nothing more than the statement of a fact universally recognized as true. The second sentence was apparently employed for the purpose of showing that 'reasonable care' is not composed of a fixed number of units as, for instance, a dozen, but that the amount of care which constitutes a 'reasonable' amount varies and is controlled by the circumstances like the flow and ebb of the tides. We believe that when an explanation has been made of the demands of due care and when the jury has been informed that both parties must exercise reasonable care, the instruction criticized by the defendant may be employed for the purpose of illustrating still further the fact that the diligence to be exercised is dependent upon

the attendant circumstances. *We are satisfied that a sufficient statement of the demands of due care may be given without resort to this instruction and, hence, do not say that it must be employed in all instances,* but, as already indicated, it may be employed for the sake of clarity." (Emphasis added.)

In *Cline v. Bush,* 152 Or 63, 52 P2d 652, this court, in sustaining the circuit court's refusal to give the instruction, said:

"The amount of care required by both the pedestrian and the driver is such care as an ordinary careful prudent person would exercise under similar conditions and circumstances, and commensurate with the danger to be apprehended. The court fully instructed the jury in the instant case as to the care required by the plaintiff as well as by the defendant."

We hold that the court in this case fully and properly instructed the jury, both as to the care required by the pedestrian and the driver-defendant, and that no error was committed for failure to give plaintiff's requested instruction No. 2, and more particularly where the defendant admitted and the court instructed that the defendant was guilty of negligence in failing to yield the right of way to the plaintiff's decedent.

■ Plaintiff likewise excepts to the court's failure to give requested instruction No. 3, and the trial court in its order granting new trial cited the failure to give this requested instruction as the reason for the new trial.

The requested instruction reads as follows:

"I instruct you that it is the duty of the driver of a motor vehicle approaching a pedestrian lane to observe whether pedestrians are crossing thereon, and if so, to give them an opportunity to pass in safety, and if necessary for their protection, to

check the speed of his car or even stop and wait until all danger of injuring any pedestrian is passed [sic]."

This instruction contains correct law and has been approved by this court in prior decisions. *Maneff v. Lamer,* 148 Or 455, 36 P2d 336; *Larkins v. Utah Copper Co.,* supra.

The trial court in this case gave the following instruction, among others:

"The plaintiff alleges that the defendant driver was negligent in failing to keep a lookout for persons crossing said Southeast 39th Avenue, and particularly for the person of said deceased. In this connection I instruct you that it was the duty of the defendant to maintain, that is, the defendant driver to maintain, a reasonably constant lookout upon the highway for pedestrians and other vehicles; that is such a lookout as a reasonably prudent person would keep and maintain under the circumstances disclosed by the evidence. This means not only to look but it means to see and observe that which a reasonable prudent driver would have seen and observed under the circumstances disclosed by the evidence.

"*  *  *  *  *  *

"*  *  *  I instruct you when traffic control signals, if any, are not in operation a driver of a vehicle shall stop and yield the right of way to a pedestrian crossing the roadway within any marked cross walk or within any unmarked cross walk at an intersection if the pedestrian is on the half of the roadway on and along which the vehicle is travelling or is approaching such half from the other half of the roadway so closely as to be in danger."

■ We feel that the court fully and carefully covered all points asked in the requested instruction and,

in addition, in other parts of the instructions not quoted here, fully instructed the jury on the duties of the defendant-driver as to lookout, speed, control and right of way generally. The court was not required to give the exact words requested in the instruction, but could and should use his own language, so long as the subject matter is covered. *Astoria Southern Railway Co. v. Pacific Surety Co.,* 68 Or 569, 137 P 857; *Mason v. Allen et al.,* 183 Or 638, 195 P2d 717.

The trial court erred in granting a new trial for its failure to give plaintiff's requested instruction No. 3 as above quoted, in the exact words requested, when it gave the entire substance in its own language.

Plaintiff also excepted to the failure of the court to give his requested instructions Nos. 5 and 6. We will not set them out verbatim here, but we hold that the matters requested in those two instructions were fully covered by the court in its instructions. It was necessary for the court to mention the admitted negligence in its instructions, and one or more instructions taken out of context might appear confusing, but when considered as a whole, we think they clearly, fully and fairly presented the issues to the jury.

■ The indicated speed instruction as given by the court was a proper instruction. It was not necessary in that instruction to tell the jury that a speed of less than 35 miles per hour could be found to be negligent if it was not reasonable and prudent under the circumstances then and there existing. The matter was already properly covered under the instruction on the basic speed law.

■ The plaintiff also contends that contributory negligence was over emphasized in the instructions, as it was mentioned several times. It is necessary to mention contributory negligence several times in

any negligence case where contributory negligence is pleaded as a defense. This is particularly true where there is an admission of one allegation of negligence, as in this case. We do not believe that the trial court put any undue emphasis on contributory negligence in this case, or that it in any way prevented the plaintiff from having a fair trial. There was no reversible error or grounds for new trial in that regard. *Bronkey v. Olson,* 145 Or 662, 28 P2d 243; *Sine v. Mehlhorn,* 168 Or 688, 126 P2d 853; *Hamilton v. Union Oil Co. et al.,* 216 Or 354, 339 P2d 440.

■ The plaintiff also took exception to the form of the sudden emergency instruction given by the trial court. The objection was that it did not properly point out that a person who creates an emergency by his own negligence cannot profit by that rule.

The instruction given by the court at the very outset plainly explained that rule as follows:

> "You are instructed that if you should find from the evidence that the defendant Don H. Cowles was confronted with an emergency *that did not arise from his own negligence* \* \* \*." (Emphasis added.)

The plaintiff's exception was not well taken.

■ We have carefully studied the entire motion for a new trial and find nothing in it that would warrant granting a new trial. We have been extremely careful in examining the record in this case because of the fact that the pedestrian was in the unmarked crosswalk and because of admission of the defendant's negligence in that the pedestrian had the right of way, but we find that the case was properly submitted to the jury and they, as triers of the facts, apparently found the plaintiff's decedent guilty of contributory

negligence. There was substantial evidence from which the jury could come to that conclusion, and it is not for this court to substitute its view of the facts for the jury's findings, whether we agree or not.

The circuit court erred in granting a new trial, and that order is set aside and judgment for the defendants reinstated.

Reversed.